IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| State of Texas; Texas Commission on Environmental Quality | ) ) ) | |
| *Petitioners*, | ) ) ) | |
| v. | ) ) | No. 23-60616 |
| United States Environmental Protection Agency; Michael S. Regan, Administrator of the United States Environmental Protection Agency | ) ) ) ) ) ) ) | |
| *Respondents* | ) ) | |

**RESPONDENTS' MOTION FOR VOLUNTARY REMAND**

Respondents United States Environmental Protection Agency and Administrator Michael Regan (collectively "EPA") hereby move the Court for an order remanding the contested final agency action. EPA requests voluntary remand, so that it may reconsider its action in light of the Supreme Court's recent decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. \_\_\_\_ (2024) ("*Loper Bright*").

The challenged EPA action disapproves the "contingency measures" element of Texas' submitted implementation plan to meet certain air quality standards for the Dallas and Houston areas. EPA's brief in this matter was submitted prior to *Loper Bright*. Applying the standard of review set forth

1

by the Supreme Court in *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984) and *Nat'l Cable & Telecomms. v. Brand X Internet Servs* 564 U.S. 967 (2005) *("Brand X")*, EPA contended that deference should be afforded to EPA's present interpretation of the applicable Clean Air Act provision. *See* EPA Br. at 18-28 (Doc. 45). Subsequently, in the recent decision in *Loper Bright*, the Supreme Court overruled *Chevron*. A remand will allow EPA to reconsider its contested action in view of *Loper Bright* and this Court's precedent.

Counsel for all other parties have been contacted regarding this motion. Counsel for Petitioners have represented that they do not oppose remand with vacatur, but that they do oppose remand without vacatur. Counsel for Respondent-Intervenors have represented that they reserve their position until after seeing the brief and reserve the right to file a response.

Oral argument in this matter is presently calendared for September 4, 2024. If this motion were to be granted, that would obviate the need for oral argument. Accordingly, in the interest of judicial economy, the Court may wish to postpone the scheduled oral argument pending resolution of this motion.

# BACKGROUND[1]

The Clean Air Act, 42 U.S.C. §§ 7401-7671q, establishes a comprehensive program to protect and enhance the Nation's air quality through a specified system of shared federal and state responsibility. Central to this program is the establishment and enforcement of national ambient air quality standards ("NAAQS"). EPA sets the level of the NAAQS and then promulgates designations to indicate whether or not areas of the country are attaining the NAAQS. 42 U.S.C. §§ 7407(d)(1)(A)(i), 7409. For the ozone NAAQS, the statute further divides nonattainment into five classifications, ranging from Marginal nonattainment to Extreme nonattainment, based on the severity of the ozone air quality problem in the area. *Id.* § 7511. States have the primary responsibility for implementing the NAAQS. *Id.* §§ 7407(a), 7410, 7502. States fulfill this responsibility primarily through State Implementation Plans ("SIPs"), which must be reviewed and approved by EPA if they meet applicable requirements. *Id.* §§ 7410, 7502, 7511a. *See generally* EPA Br. at 7-9.

---

[1] We repeat here a high-level summary of the relevant legal and procedural background that is most pertinent to consideration of this remand motion. A more complete discussion of the applicable background is set forth in our merits brief. *See* EPA Br. at 3-14.

As relevant here, the Clean Air Act requires States with Ozone nonattainment areas classified as Serious to include "contingency measures" in their State Implementation Plans ("SIPs") to be implemented if the States fail to meet certain air quality targets. *Id.* §§ 7502(c)(9), 7511a(c)(9). Contingency measures are required to be "specific measures to be undertaken if the area fails to meet any applicable milestone," "make reasonable further progress, or to attain the [NAAQS] by the attainment date applicable." *Id*.

The Dallas-Fort Worth ("Dallas") and Houston-Galveston-Brazoria ("Houston") areas are designated and recently reclassified as Severe for the 2008 Ozone NAAQS.[2] In the previous Serious nonattainment classification for the 2008 Ozone NAAQS, the state was required to adopt and submit contingency measures for these areas to EPA for evaluation and approval if consistent with applicable requirements.

Texas has submitted SIP revisions to EPA which include, among other things, provisions intended to satisfy Serious area contingency measures requirements for purposes of the 2008 Ozone NAAQS. On October 3, 2023, EPA published the Rule at issue disapproving these revisions. The Rule was premised on an EPA interpretation of the relevant

---

[2] 87 FR 60926 (October 7, 2022)

4

statutory provisions that States cannot rely on already-implemented control measures to satisfy the contingency measures requirement but must instead adopt and submit contingency measures that are both conditional and prospective. 88 Fed. Reg. 67957 (Oct. 3, 2023).

Petitioners timely filed a petition for review and filed their Opening Brief on February 21, 2024. Doc. 20. EPA filed its Answering Brief on April 22, 2024 (Doc. 45) and Intervenor Sierra Club filed its brief in support of EPA on April 29, 2024. Doc. 50. Oral argument has been calendared for September 4, 2024.

On June 28, 2024, the Supreme Court decided *Loper Bright Enters. v. Raimondo*, 603 U.S. \_\_\_\_\_ (2024), overruling the holding of *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984), that courts should defer to agency interpretations of ambiguous statutory language in certain circumstances. *See Loper Bright*, Slip Op. at 1-2 (describing the *Chevron* analysis). The Court by implication also called into question *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S 967 (2005). *Brand X* had held that in certain circumstances when a court defers to and upholds an agency's interpretation, the agency could still later revise its interpretation so long as the new interpretation is reasonable. *See Loper Bright*, Slip Op. at 21.

# ARGUMENT

**I.  Voluntary remand is appropriate because it will allow EPA to reconsider its decision in view of intervening Supreme Court precedent.**

"Embedded in an agency's power to make a decision is its power to reconsider that decision." *ConocoPhillips Co. v. EPA*, 612 F.3d 822, 832 (5th Cir. 2010). Thus, an administrative agency generally "has the inherent authority to reconsider its decisions," unless doing so would be arbitrary or an abuse of discretion. *Macktal v. Chao*, 286 F.3d 822, 825-26 (5th Cir. 2002).

When an agency requests a remand for the purpose of voluntarily reconsidering a challenged agency action, courts "generally grant" such requests. *Utility Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018). Allowing an agency to take a remand promotes judicial economy as it avoids wasting courts' and the parties' resources. *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993). Remand is particularly appropriate if the agency's request is made in response to "intervening events outside of the agency's control," such as "a new legal decision." *SKF USA, Inc. v. United States*, 254 F.3d 1022, 1028-29 (Fed. Cir. 2001); citing *Nat'l Fuel Gas Supply Corp. v. Fed. Energy Regul. Comm'n*, 899 F.2d 1244, 1249 (D.C. Cir. 1990).

### A. Remand would allow EPA to reconsider the Final Rule in light of *Loper Bright*.

Remand is warranted here because it would allow EPA to reconsider the challenged aspects of its Rule in light of the Supreme Court's decision in *Loper Bright*. *Loper Bright* overruled *Chevron*'s holding that courts should defer to agency interpretations of ambiguous statutory language in certain circumstances. *See Loper Bright*, Slip Op. at 1-2 (describing the Chevron analysis). The Court in *Loper Bright*, by implication also called into question *Brand X*, which provided a mechanism for agencies to revise their interpretation of statutes in certain circumstances. *See id.*, Slip. Op. at 21.

Here, EPA had previously allowed states with nonattainment areas to rely on already implemented measures as contingency measures, provided the reductions were continuing in nature. In *La. Env't. Action Network v. EPA* ("*LEAN*"), reviewing a decision in which EPA allowed Louisiana to use preexisting, federally enforceable emissions reductions as a contingency measure, this Court found EPA's prior view of the contingency measures provision persuasive. *LEAN*, 382 F.3d 575, 583-84 (5th Cir. 2004). By contrast, in its disapproval of the SIP revisions at issue here, EPA required that to be approvable, Texas's contingency measures must be both conditional and prospective. 87 Fed. Reg. at 67958. This approach comported with more recent out-of-circuit precedent, including the Ninth

7

Circuit's opinion in *Bahr v. EPA*, 836 F.3d 1218 (9th Cir. 2016) and the D.C. Circuit's opinion in *Sierra Club v. EPA*, 21 F.4th 815 (D.C. Cir. 2021), which held the plain text of the Act precluded EPA's prior interpretation. Defending its new interpretation, EPA before this Court argued that this Court should apply *Brand X* and *Gonzales-Veliz v. Barr*, 938 F.3d 219, 234 (5th Cir. 2019) and, notwithstanding *LEAN*, afford deference to EPA's revised interpretation of contingency measures. *See* EPA Br. at 20-28. EPA made clear in its merits brief that it was not asking this Court to overrule *LEAN*. EPA Br. at 22.

Because the Supreme Court has now overruled *Chevron* and called into question *Brand X*, EPA "intends to take further action with respect to the original agency decision on review." *Utility Solid Waste Activities Grp.*, 901 F.3d at 436. EPA intends to carefully evaluate the Agency's options on remand in view of the decision in *Loper Bright* and this Court's precedent, and then take an appropriate new action. This approach will conserve judicial resources as it will allow the agency to revise its approach without requiring further involvement of the Court.

### B. There are no extraordinary circumstances that justify denial of EPA's request for a remand.

While courts have found that remand may be inappropriate if it would "unduly prejudice the non-moving party," or if the request is frivolous or in

8

bad faith, neither of these unusual concerns are present here. *SKF*, 254 F.3d at 1029. Here, a recent decision of the Supreme Court materially changes the applicable governing law, and it is reasonable for EPA to reconsider its action in view of that significant new Supreme Court precedent. *Cf. Conoco Phillips Co.* 612 F.3d at 832 (granting EPA request for remand of rule in view of recent Supreme Court decision).

EPA's request is neither frivolous nor made in bad faith. EPA's request for a remand comes in direct response to the Supreme Court's recent decision in *Loper Bright* which called into question *Brand X* – the primary case that EPA relied upon in arguing to this Court that its present interpretation of the contingency measures provision of the Clean Air Act warranted deference. Upon remand, EPA intends to take new action on the SIP revisions at issue here in due course.

EPA does not believe a remand with vacatur is necessary pending Agency reconsideration and where the Court has not yet reached the merits. *See Texas Ass'n of Mfrs. v. U.S. Consumer Prod. Safety Comm'n*, 989 F.3d 368, 389 (5th Cir. 2021) (noting that remand without vacatur is generally appropriate when there is "at least a serious possibility that the agency will be able to substantiate its decision given an opportunity to do so."). But if

9

the Court believes that a remand with vacatur is warranted under the circumstances, EPA would have no practical objection to such relief.

## CONCLUSION

For the reasons stated above, this Court should grant EPA's motion for voluntary remand.

Dated: August 9, 2024

Respectfully submitted,

TODD KIM
*Assistant Attorney General*

s/ *Benjamin J. Grillot*
BENJAMIN J. GRILLOT
U.S. Department of Justice
Environment and Natural
   Resources Division
Environmental Defense
   Section
150 M Street NE, Suite 4.141
Washington, DC 20002
(202) 305-0303
benjamin.j.grillot@usdoj.gov

*Of Counsel:*

Corin James
Office of General Counsel
Washington, DC

Joshua Olszewski
Region 6
Dallas, TX

U.S. Environmental
Protection Agency

*Counsel for Respondent United States Environmental Protection Agency*

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 1,819 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman.

**Dated:** August 9, 2024　　　　　　　　　　s/ *Benjamin J. Grillot*
　　　　　　　　　　　　　　　　　　　　　BENJAMIN J. GRILLOT

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing EPA's Motion for Voluntary Remand was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

**Dated:** August 9, 2024

s/ *Benjamin J. Grillot*
BENJAMIN J. GRILLOT