No. 23-60616

# In the United States Court of Appeals for the Fifth Circuit

State of Texas; Texas Commission on Environmental Quality,

*Petitioners*,

*v.*

United States Environmental Protection Agency; Michael S. Regan, Administrator, United States Environmental Protection Agency,

*Respondents*.

On Petition for Review of a Final Action
of the United States Environmental Protection Agency

**PARTIAL OPPOSITION TO EPA'S MOTION FOR VOLUNTARY REMAND**

Petitioners do not oppose EPA's request to voluntarily remand this case to the agency for reconsideration of its disapproval of the contingency-measures portion of Texas's SIP for the 2008 8-hour ozone NAAQS, which the agency rightly recognizes (at 1-2, 7-8) cannot stand in the light of the Supreme Court's recent decision overruling the *Chevron* deference regime. *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024). After all, EPA staked its defense of that disapproval on the now-moribund *Brand X* doctrine, *see* EPA Br. 15, 20, 21, 26, 27 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005))—the vehicle by which the agency hoped to sidestep this Court's binding precedent *approving* the method

Texas used to identify contingency measures that has governed in this Circuit for two decades, *see, e.g.*, Tex. Br. 31-32 (citing *La. Env't Action Network v. EPA*, 382 F.3d 575, 582-84 (5th Cir. 2004) ("*LEAN*")).

But *Brand X* is the *ne plus ultra* of *Chevron* run riot. As the Supreme Court explained, it was bad enough that *Chevron* "demand[ed] that courts mechanically afford *binding* deference to agency interpretations, including those that have been inconsistent over time." *Loper Bright*, 144 S. Ct. at 2265. Yet *Brand X* was even "worse," because "it force[d] courts to do so even when a pre-existing judicial precedent holds that the statute means something else—unless the prior court happened to also say that the statute is 'unambiguous.'" *Id*. "That regime is the antithesis of the time-honored approach the APA prescribes," which requires "'the reviewing court'—not the agency whose action it reviews—[] to 'decide *all* relevant questions of law' and 'interpret . . . statutory provisions.'" *Id.* (quoting 5 U.S.C. § 706). Thus, *Brand X*—along with EPA's principal defense of its SIP disapproval—did not survive *Loper Bright*, and under the "ordinary remand rule" it is appropriate to return this case to the agency for it to reconsider Texas's SIP submittal afresh. *See Wages & White Lion Invs. L.L.C. v. FDA*, 90 F.4th 357, 389-90 (5th Cir. 2024) (en banc) (citing *Calcutt v. FDIC*, 598 U.S. 623, 628-30 (2023)), *cert. granted*, 2024 WL 3259693 (U.S. July 2, 2024) (Mem.); *see also Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 386-87 (D.C. Cir. 2017) (Kavanaugh, J.) (same).

Petitioners *do*, however, oppose any remand that is unaccompanied by vacatur of EPA's disapproval of Texas's SIP. On its face, the Administrative Procedure Act requires courts to "hold unlawful and set aside agency action" that is "arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "Under prevailing precedent, § 706 'extends beyond the mere non-enforcement remedies available to courts that review the constitutionality of legislation, as it empowers courts to 'set aside'—*i.e.*, formally nullify and revoke—an unlawful agency action.'" *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022) (quoting Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 950 (2018)). As a result, "[t]he default rule is that vacatur is the appropriate remedy." *Id.* (collecting authorities). "Departing from that default rule is justifiable only in 'rare cases.'" *Chamber of Com. of U.S. v. SEC*, 88 F.4th 1115, 1118 (5th Cir. 2023); *see also Am. Great Lakes Ports Ass'n v. Schultz*, 962 F.3d 510, 519 (D.C. Cir. 2020) (describing remand without vacatur as an "exceptional remedy"); *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) (holding remand without vacatur appropriate only "[i]n rare cases"). Among other reasons, remand without vacatur "creates a risk that an agency may drag its feet and keep in place an unlawful agency rule." *EME Homer City Generation, L.P. v. EPA*, 795 F.3d 118, 132 (D.C. Cir. 2015).

"[T]wo conditions" must be satisfied before a court will order remand without vacatur. *Chamber of Com.*, 88 F.4th at 1118. "*First*, there must be a 'serious possibility' that the agency will be able to correct the rule's defects on remand." *Id.* (quoting *Texas v. United States*, 50 F.4th 498, 529 (5th Cir. 2022)). "Remand without vacatur is therefore inappropriate for agency action suffering from one or more serious procedural or substantive deficiencies." *Id.* "*Second*, vacating the challenged action would produce 'disruptive consequences.'" *Id.* Neither of these conditions is

3

present here, and EPA does not even attempt to show that they are, thus forfeiting any argument to the contrary. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

Start with the former condition. The errors plaguing EPA's SIP disapproval are "fundamental substantive defects" that the agency is unlikely to be able to rectify on remand. *Chamber of Com.*, 88 F.4th at 1118 & n2. Recall that EPA defended its disapproval of Texas's SIP on the theory that it need not adhere to Fifth Circuit precedent approving of Texas's approach for identifying contingency measures, because *Brand X* permitted the agency to adopt an interpretation of the relevant provision of the Clean Air Act that runs counter to the one announced by this Court in *LEAN*. *See* EPA Br. 15, 20, 21, 26, 27. It is doubtful that even *Brand X* permitted EPA to jettison this Court's precedent so cavalierly. *See* Tex. Reply 3-8. But without *Brand X* there can be no question that the rule of orderliness precludes EPA from ignoring this Court's two-decade-old precedent. *See* Texas Br. 31 (citing *Gahagan v. U.S. Citizenship & Immigr. Servs.*, 911 F.3d 298, 302 (5th Cir. 2018)). And because that precedent demonstrates that Texas contingency-measures approach was lawful—as even EPA has previously acknowledged[1]—the *substance* of EPA's SIP disapproval is conspicuously flawed. *See* Tex. Br. 31-32.

---

[1] Before the agency thought that it could cast aside *LEAN* with the aid of *Brand X*, EPA *itself* cited *LEAN* for support when it initially proposed to *approve* the contingency-measures component of Texas's SIP. *See* Air Plan Approval; Texas; Reasonable Further Progress Plan for the Dallas-Fort Worth Ozone Nonattainment Area, 85 Fed. Reg. 64084, 64087 & n.14 (Oct. 9, 2020); Air Plan Approval; Texas;

4

As for the latter condition, EPA identifies no "disruptive consequences" that would flow from vacatur of the SIP disapproval. *Chamber of Com.*, 88 F.4th at 1118. To the contrary, EPA *itself* professes (at 10) that it "would have no practical objection to" remand with vacatur. And if anything, the disruptive consequences would follow from *failing* to vacate the rule. After all, should EPA's SIP-disapproval remain extant, the Act's sanctions clock will continue to tick down to its first May 2, 2025, effective date. *Compare* 40 C.F.R. § 52.31(d)(1) (explaining that sanctions begin to take effect 18 months after the effective date of SIP disapproval), *with* C.I.8 (Air Plan Disapproval; Texas; Contingency Measures for the Dallas-Fort Worth and Houston-Galveston-Brazoria Ozone Nonattainment Areas, 88 Fed. Reg. 67957, 67957 (Oct. 3, 2023)) (setting November 2, 2023, as the effective date of the SIP disapproval).

Thus, while EPA tarries in "tak[ing] new action on the SIP revisions at issue here in due course," EPA Mot. 9—a glaringly indeterminate amount of time—absent vacatur Texas would still be subject to draconian sanctions without any judicial recourse. *See* 42 U.S.C. § 7509(b) (describing available sanctions, including offset requirements for new and modified emission sources and a moratorium on federal highway projects). This Court should not permit EPA to run out the sanctions clock on Texas on the basis of a legally flawed agency action—particularly in the light of the agency's chronic inability to meet even statutory deadlines. *Cf. Texas v. EPA*,

---

Reasonable Further Progress Plan for the Houston-Galveston-Brazoria Ozone Nonattainment Area, 85 Fed. Reg. 60928, 60931 & n.15 (Sept. 29, 2020).

No. 23-60069, 2023 WL 7204840, at *9 (5th Cir. May 1, 2023) (per curiam) (explaining that "[i]nstead of rendering a timely decision, the EPA slow-walked for *years* beyond CAA's statutory deadline" for acting on Texas's SIP submission for the 2015 ozone NAAQS); Tex. Br. 5-6, 14-16 (describing how EPA failed to act on Texas's SIP-submittal in this case for "almost two years after it was statutorily obligated to act").

\* \* \*

While remand is appropriate for EPA to reconsider its disapproval of the contingency-measures component of Texas's SIP in the light of *Loper Bright*, which gutted EPA's "primary" defense of its agency action, EPA Br. 9, any remand should be accompanied by vacatur of that disapproval, which EPA has "no practical objection to," EPA Br. 10, and in the absence of which Texas will be severely prejudiced due to the specter of looming sanctions next May.

Dated: August 13, 2024

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

AARON L. NIELSON
Solicitor General

/s/ William F. Cole
WILLIAM F. COLE
Deputy Solicitor General
William.Cole@oag.texas.gov

ERIN K. SNODY
JOHN R. HULME
Assistant Attorneys General

Counsel for Petitioners

## Certificate of Service

On August 13, 2024, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ William F. Cole
WILLIAM F. COLE

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(a) because it contains 1,426 words, excluding the parts of the motion exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ William F. Cole
WILLIAM F. COL